**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO·AL DEMANDADO):*
TREASURE ISLAND DEVELOPMENT AUTHORITY; TREASURE ISLAND HOMELESS
DEVELOPMENT INITIATIVE; SHAW ENVIRONMENTAL; JIM SULLIVAN, DAVID CLARK,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Andre Patterson, Falita Sample, Including All Parties Listed Herein, and Doe Plaintiffs 1- 2,000

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court, 400 McAllister St.,<br>San Francisco, Ca 94102 | CASE NUMBER: *(Número del Caso):*<br>CGC -20 -582410 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Stanley Goff, 15 Boardman Place, San Francisco Ca 94103, 415-571-9570

| DATE:<br>*(Fecha)* JAN 2 3 2020 | Clerk of the Court<br>Clerk, by<br>*(Secretario)* ANGELICA SUNGA | , Deputy<br>*(Adjunto)* |
|---|---|---|

BY FAX

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO]

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-200(A)**

| SHORT TITLE:<br>Andre Patterson, Falita Sample, et al. v. Treasure Island Development, e | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KEITH FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, STATE DEPARTMENT OF TOXIC SUBSTANCE CONTROL; SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH; LENNAR INC; FIVE POINT HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

1 STANLEY GOFF (Bar No. 289564)
  LAW OFFICE OF STANLEY GOFF
2 15 Boardman Place Suite 2
  San Francisco, CA 94103
3 Telephone: (415) 571-9570
  Email: scraiggoff@aol.com
4

5 Attorney for Plaintiffs

6       THE SUPERIOR COURT OF THE STATE OF CALIFORIA
                COUNTY OF SAN FRANCISCO
7

8 | TREASURE ISLAND FORMER AND | CASE NO.: **CGC-20-582410**
  | CURRENT RESIDENTS, ANDRE |
9 | PATTERSON, FELITA SAMPLE, | **A CLASS ACTION LAWSUIT**
  | ***Including All Parties Listed and*** | **COMPLAINT FOR DAMAGES**
10 | ***Incorporated Herein;*** and Doe Plaintiffs 1- |
  | 2,000, on behalf of themselves, and all others | **1. FALSE AND MISLEADING**
11 | similarly situated, | **STATEMENTS**
  | | **2. NEGLIGENCE FEAR OF CANCER**
12 |            Plaintiffs, | **3. STRICT LIABILITY FOR**
  | | **ULTRAHAZARDOUS ACTIVITIES**
13 | vs. | **4. VIOLATION OF PROPOSITION 65**
  | | **5. PUBLIC NUISANCE**
14 | TREASURE ISLAND DEVELOPMENT | **6. PRIVATE NUISANCE**
  | AUTHORITY; TREASURE ISLAND | **7. CIVIL CONSPIRACY**
15 | HOMELESS DEVELOPMENT | **8. INJUNCTIVE RELIEF**
  | INITIATIVE; SHAW ENVIRONMENTAL; |
16 | U.S. NAVY TREASURE ISLAND CLEAN | **JURY TRIAL DEMANDED**
  | UP DIRECTOR JIM SULLIVAN, in his |
17 | individual capacity; U.S. NAVY |
  | TREASURE ISLAND CLEAN UP LEAD |
18 | PROJECT MANAGER DAVID CLARK, in |
  | his individual capacity; U.S. NAVY |
19 | REPRESENTATIVE KEITH FORMAN, in |
  | his individual capacity; TETRA TECH EC, |
20 | INC.; DAN L. BATRACK, in his individual |
  | and official capacity; STATE |
21 | DEPARTMENT OF TOXIC SUBSTANCE |
  | CONTROL; SAN FRANCISCO |
22 | DEPARTMENT OF PUBLIC HEALTH; |
  | LENNAR INC; FIVE POINT HOLDINGS, |
23

1

FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
JAN 2 3 2020
CLERK OF THE COURT
BY: _____
Deputy Clerk
ANGELICA SUNGA

BY FAX

LLC., JOHN STEWART COMPANY and
DOES 1-100 Inclusive,
        Defendants.

Plaintiffs FORMER AND CURRENT TREASURE ISLAND RESIDENTS

("PLAINTIFFS"), individually and on behalf of all others similarly situated, demanding a jury

trial, bring this action against all named Defendants as well as DOES 1-25; inclusive, for general,

consequential, compensatory, punitive, injunctive relief and statutory damages, costs and

attorneys' fees resulting from defendants' unconstitutional and tortious conduct.

## I. PARTIES

1. Class Plaintiffs are former and current residents of Treasure Island, consisting of

individuals who have been living in, or had substantial contact with, the Treasure Island

Community, from 2006 to the present. Plaintiffs also include the following adult and minor

Plaintiffs and those Plaintiffs listed and incorporated herein as though fully set forth in this

paragraph, plus Doe Plaintiffs 1-2,000:

1. Andre Patterson
2. Felita Sample
3. Cierra Hammond

2

4.  Earnstine Davis
5.  Steven A. Arnold
6.  Ralph Greene
7.  Michelle Baker-Greene
8.  Devonaire Lemons
9.  Rarity Lemons
10. Leerma Petterson
11. Charles McGee
12. Ruth Ann Booker
13. Ayana Arnold
14. Arlando Arnold
15. Terri Johnson
16. Kent Davis
17. Teresa Johnson
18. Lailonnie Arnold
19. Victor Wilson
20. Ronald L. Johnson
21. Johnathan Johnson
22. Flint Collins
23. Peter Boutte
24. Otis Broughton
25. Stanley Daglow
26. Arthur Glen Ayers
27. Alfonzo B. Williams
28. Donald Johson
29. Tracy Marks
30. Vancois D. Amoun

31. Andre Patterson III
32. Nicole Walker
33. Lakrista Jackson
34. Michelle Mathews
35. Donna Marie McDaniel
36. Aaron Medler
37. Shamila Butler
38. Bobbie Johnson
39. Camelia Johnson
40. Joseph Spooner
41. Calvin Johnson
42. Tramila Butler
43. Astrid Mills
44. Michael Meede
45. Charles Patterson
46. Dreyana Patterson
47. Vancois Wilson

## DOE PLAINTIFFS

2. DOE PLAINTIFFS 1-2,000 are former or current residents of TREASURE ISLAND,
consisting of individuals who have been living in, or had substantial contact with, the Treasure
Island Community, from 2006 to the present but have not to date discovered the elements of their
causes of action. This action will be amended to include those DOE PLAINTIFFS 1-2,000 when
those PLAINTIFFS have ascertained and discovered each element of each cause of action
against each of the named DEFENDANTS herein.

1

2       3. DEFENDANTS Tetra Tech, Inc. and Tetra Tech EC, Inc. are California corporations

3   that have contracted with the United States Navy and United States government to perform

4   clean-up and remediation services on Treasure Island in San Francisco.

5       4. DEFENDANTS Shaw Environmental, Inc. is a California corporation that has

6   contracted with the United States Navy and United States government to perform clean-up and

7   remediation services on Treasure Island in San Francisco.

8       5. DEFENDANTS TREASURE ISLAND DEVELOPMENT AUTHORITY, is a

9   California entity under the municipality of the City of San Francisco.

10      6. DEFENDANTS TREASURE ISLAND HOMELESS DEVELOPMENT INITIATIVE,

11  is a California entity under the municipality of the City of San Francisco.

12      7. DEFENDANT U.S. NAVY TREASURE ISLAND CLEAN UP DIRECTOR JIM

13  SULLIVAN, was employed by the United States Navy at all times relative to this complaint.

14      8. DEFENANT U.S. NAVY TREASURE ISLAND CLEAN UP LEAD PROJECT

15  MANAGER DAVID CLARK, was employed by the United States Navy at all times relative to

16  this complaint.

17      9. DEFENDANT U.S. NAVY ENVIRONMENTAL COORDINATOR KEITH

18  FORMAN, was employed by the United States Navy at all times relative to this complaint.

19      10. DEFENDANT STATE DEPARTMENT OF TOXIC SUBSTANCE CONTROL is a

20  California entity under the authority of the state of California.

21      11. DEFENDANT SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH is a

22  entity under the authority of the City and County of San Francisco.

23

24

4

12. DEFENDANT JOHN STEWART COMPANY is a corporation doing business in the State of California and the City and County of San Francisco;

13. DEFENDANT Lennar, Inc. is headquartered in Miami, Florida and is doing business in California. DEFENDANT Five Point Holdings, LLC is headquartered in Aliso Viejo, California.

### DOE DEFENDANTS

14. The true names and capacities, whether individual, corporate, associate, subsidiary, officer, director, employee, other representative, or otherwise, of DOE DEFENDANTS 1 through 50 inclusive, are unknown to the PLAINTIFFS, who therefore sue each DEFENDANT by a fictitious name. PLAINTIFFS are informed and believe and thereupon allege that each of these fictitiously named DEFENDANTS are responsible, in some manner, for the damages alleged herein. PLAINTIFFS therefore designate DOE DEFENDANTS 1 through 50 by such fictitious names, and when their names have been ascertained, PLAINTIFFS will amend this complaint to allege their true names and capacities.

### II. JURISDICTION AND VENUE

15. Jurisdiction is pursuant to California Code of Civil Procedure § 382 providing: "When the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." This court also has jurisdiction under California Business &

5

1  Professions Code §17203. Venue is proper in this judicial district because TREASURE

2  ISLAND RESIDENTS' injuries, damages and harms occurred in this judicial district.

3      16. Further, one or more of the DEFENDANTS reside, are headquartered and conduct

4  business in this judicial district. DEFENDANTS' wrongful acts and omissions are giving rise to

5  PLAINTIFFS' claims for restitution and equitable relief.

6  **IV. RESPONDEAT SUPERIOR**

7      17. All of the described conduct, acts, and failures to act are attributed to agents and

8  employees under the direction and control, and with the permission, consent and authorization of

9  DEFENDANTS. Said acts, conduct and failures to act were within the scope of such agency

10  and/or employment, and each of the DEFENDANTS ratified, endorsed, and agreed to the acts

11  and omissions of each of the other DEFENDANTS. Each of these acts and failures to act is

12  alleged against each DEFENDANT, whether acting individually, jointly, or severally. At all

13  times relevant herein, each DEFENDANT was acting within the course and scope of his or her

14  employment, agreement, and ratification.

15  **V. STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

16      18. Treasure Island ("Site") is a deactivated U.S. Naval Base located in San Francisco,

17  California, adjacent to San Francisco Bay.

18      19. Treasure Island, an infill project located in the San Francisco Bay, was created by the

19  federal government in the late 30s to host the 1939 Golden Gate International Expo, and was

20  later converted to a naval base as the US prepared for World War II.

21      20. By 1997, the Navy entered into agreements with the City and County of San

22  Francisco to turn over the Island for civilians to reside on it.

23

6

21. The goal then was to grow the island's population from 2,000 to 19,000 with the development of high rises and infrastructure across the old base, which was projected to cost $1.5 billion.

22. However, soil at the site is contaminated with radioactive waste, with nuclear byproducts on the island that were "higher than [the] Navy disclosed.

23. The US Navy had not properly assessed the levels of cesium-137, a fission byproduct, in soil samples dating back to the 1970s. In reality, contamination levels are some three times higher than the Navy reported, and 60 percent higher than the Navy's own safety guidelines.

24. A 2006 survey by the Navy found that while problems occasionally happened, nuclear activities at the Treasure Island base were closely regulated and frequently inspected.

25. This 2006 report intentionally ignored decades of audits that found poor safety procedures for radiation and toxic removal at the island.

26. In 2007, as the Navy readied to hand the island over to the City of San Francisco, a study by a civilian contractor named Robert McLean found the island to be far more contaminated with radiation than the Navy disclosed to the public.

27. The Navy chose not to revise its 2006 historical radiation survey swiftly to incorporate the new knowledge and instead, military officials continued to proceed as though the 2006 report were accurate, not updating it until 2012.

28. Even after its 2012 update, the Navy failed to account for the base's history of lax radiation safety or for dangers posed by ships irradiated at Bikini Atoll.

7

29. In 2012, reporters from the Center of Investigative Reporting launched a yearlong investigation that revealed mishaps and omissions by the Navy and its contractors in the Treasure Island cleanup.

30. It is alleged based on information and belief that DEFENDANTS Tetra Tech, Inc. and Tetra Tech EC, Inc. were aware that the levels of radiation on Treasure Island were significantly higher than the Navy disclosed to the public and that this Defendant also chose not to disclose this information to the Plaintiffs.

31. It is alleged based on information and belief that DEFENDANTS Shaw Environmental, Inc. were aware that the levels of radiation on Treasure Island were significantly higher than the Navy disclosed to the public and that this Defendant also chose not to disclose this information to the Plaintiffs.

32. It is alleged based on information and belief that DEFENDANTS TREASURE ISLAND DEVELOPMENT AUTHORITY, were aware that the levels of radiation on Treasure Island were significantly higher than the Navy disclosed to the public and that this Defendant also chose not to disclose this information to the Plaintiffs.

33. It is alleged based on information and belief that DEFENDANTS TREASURE ISLAND HOMELESS DEVELOPMENT INITIATIVE, were aware that the levels of radiation on Treasure Island was significantly higher than the Navy disclosed to the public and that this Defendant also chose not to disclose this information to the Plaintiffs.

8

1

2       34. It is alleged based on information and belief that DEFENDANT U.S. NAVY

3  TREASURE ISLAND CLEAN UP DIRECTOR JIM SULLIVAN, was aware that the levels of

4  radiation on Treasure Island were significantly higher than the Navy disclosed to the public and

5  that this Defendant also chose not to disclose this information to the Plaintiffs.

6       35. It is alleged based on information and belief that DEFENANT U.S. NAVY

7  TREASURE ISLAND CLEAN UP LEAD PROJECT MANAGER DAVID CLARK, was aware

8  that the levels of radiation on Treasure Island were significantly higher than the Navy disclosed

9  to the public and that this Defendant also chose not to disclose this information to the Plaintiffs.

10      36. It is alleged based on information and belief that DEFENDANT U.S. NAVY

11  REPRESENTATIVE KEITH FORMAN, was aware that the levels of radiation on Treasure

12  Island were significantly higher than the Navy disclosed to the public and that this Defendant

13  also chose not to disclose this information to the Plaintiffs.

14      37. It is alleged based on information and belief that DEFENDANT STATE

15  DEPARTMENT OF TOXIC SUBSTANCE CONTROL was aware that the levels of radiation on

16  Treasure Island were significantly higher than the Navy disclosed to the public and that this

17  Defendant also chose not to disclose this information to the Plaintiffs.

18      38. It is alleged based on information and belief that DEFENDANT SAN FRANCISCO

19  DEPARTMENT OF PUBLIC HEALTH was aware that the levels of radiation on Treasure

20  Island were significantly higher than the Navy disclosed to the public and that this Defendant

21  also chose not to disclose this information to the Plaintiffs.

22

23

24

# VII. CLASS ACTION ALLEGATIONS

39. PLAINTIFFS bring this lawsuit as a class action and on behalf of themselves and all others who are similarly situated. The class is composed of all persons who WERE RESIDENTS OR ARE RESIDENTS OF TREASURE ISLAND, consisting of individuals who have been living, working, attending school or had substantial contact with the community from 2007 to present.

40. The members of the class are so numerous, approximately 2,000 residents, that joining them all individually would be impracticable. PLAINTIFFS don't know the exact number of the members of the class at this time, but the number and identity of the class members is easily ascertainable through DEFENDANTS' business records.

41. PLAINTIFFS have the same interest in this matter as all other members of the class.

42. PLAINTIFFS' claims are typical of all the members of the class.

43. A well-defined community of interest in the questions of law and fact involving all members of the class exists.

44. Common questions of law and fact predominate over questions that may affect only individual class members.

**Questions of Law:**

1. The nature and application of DEFENDANTS' statutory and common law duties to avoid unfair and fraudulent business practices;

2. The nature and application of DEFENDANTS' statutory and common law duties to avoid false and misleading communications about the remediation of radiation and toxins on Treasure Island, which is causing harm, fear, mental and emotional distress to all PLAINTIFFS;

3. The nature and application of the DEFENDANTS' duties with respect to the operation, management and supervision of the soil remediation and clean-up operation of Treasure Island;

4. DEFENDANTS' applicable standard of care with respect to the operation, management and supervision of the remediation of radiation and clean-up operation of Treasure Island.

**Common Questions of Fact:**

1. Did DEFENDANTS breach their statutory and common law duties to avoid false and misleading communications about the soil remediation and clean- up operation of Treasure Island?

2. Did DEFENDANTS breach their duties with respect to the operations, management and supervision of the soil remediation and clean-up operation of Treasure Island?

45. PLAINTIFFS' claims are typical of all class member claims because all class members' claims arise from DEFENDANTS' failure to disclose to the Plaintiffs and to the public about the levels or radioactive materials and other toxins located in the soil of Treasure Island.

46. The evidence and the legal issues regarding the DEFENDANTS' wrongful conduct are substantially identical for PLAINTIFFS and all of the class members.

47. DEFENDANTS have acted or failed to act on grounds generally applicable to all class members, making equitable relief—e.g., restitution to each class member—appropriate to the class as a whole.

48. The court should certify the class because common questions of law and fact predominate over individual questions. Legal issues regarding duty and standard of care are

11

1   common to all class members' claims. Factual issues regarding breach and the measure of

2   restitution are common to all class members' claims.

3       49. A class action is superior to all other available procedures for the fair and efficient

4   adjudication of these claims. Even if any individual class member could afford individual

5   litigation, it would be unduly burdensome to the courts in which the separate lawsuits would

6   proceed. A single class action is preferable to separate, individual lawsuits because it provides

7   the benefits of unitary adjudication, economies of scale, and comprehensive adjudication by a

8   single court.

9   **REPRESENTATIVE PLAINTIFFS ANDRE PATTERSON** and **FELITA SAMPLE**

10      50. Are both educated, articulate, professionals who will fairly and adequately protect the

11  interests of the members of the class.

12      51. PLAINTIFFS do not have interests that are contrary to or in conflict with those of the

13  members of the class they seek to represent. PLAINTIFFS' undersigned counsel is experienced

14  and capable of managing a class action of this anticipated size and complexity, and will

15  vigorously prosecute the class claims.

16      52. The prosecution of separate, individual lawsuits by individual members of the class

17  would create a risk of inconsistent or contradictory findings of fact and law—which could

18  impose incompatible standards of conduct for DEFENDANTS—and would lead to repetitious

19  trials of the numerous common questions of fact and law.

20      53. PLAINTIFFS know of no difficulty that will be encountered in the management of

21  this litigation that would preclude its maintenance as a class action. As a result, a class action is

22  superior to other available methods for the fair and efficient adjudication of these claims.

23

1    54. Class members may be identified and notified of developments in this class action

2  through state or nationwide publications.

3    55. PLAINTIFFS and class members have suffered financial losses and irreparable harm

4  as a result of DEFENDANTS' wrongful conduct. Without a class action, PLAINTIFFS and

5  members of the class will continue to suffer losses, thereby allowing DEFENDANTS' wrongful

6  conduct to proceed without remedy, and allowing DEFENDANTS to retain the proceeds of their

7  ill-gotten profits, contrary to California law and public policy.

8                          **FIRST CAUSE OF ACTION**

9                    **(FALSE AND MISLEADING STATEMENTS)**
     **(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH**
10   **FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT**
     **HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100)**
11
        56. PLAINTIFFS and class members hereby incorporate allegations contain in the
12
     preceding paragraphs, as though fully set forth herein.
13
        57. DEFENDANTS' wrongful conduct constitutes unfair and fraudulent business
14
     practices that have in fact deceived PLAINTIFFS and class members in violation of California
15
     Business & Professions Code § 17500.
16
        58. DEFENDANTS made untrue and misleading statements about the implementation,
17
     execution, disposition, discharge, clean-up, and remediation of radiation and toxins at Treasure
18
     Island.
19

20

21

22

23
                                        13
24

1

2              **SECOND CAUSE OF ACTION**

3              **(NEGLIGENCE FEAR OF CANCER)**

4      **(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH**
       **FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT**
5      **HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100)**

6              59. PLAINTIFFS and class members hereby incorporate allegations contained in the

7      preceding paragraphs, as though fully set forth herein.

8              **60.** That Plaintiffs were exposed to radiation, carcinogens and other toxic substances, as a

9      result of Defendants' negligent conduct for failing to disclose to the Plaintiffs and the public the

10     true levels of radioactivity on Treasure Island;

11             61. That the Defendants' conduct was despicable and subjected Plaintiffs to cruel and

12     unjust hardship in conscious disregard of the Plaintiffs' rights;

13             62. That Defendants intentionally misrepresented or concealed a material fact known to

14     the Defendants, intending to cause Plaintiffs harm;

15             63. That the Plaintiffs suffered serious emotional distress from a fear that they will

16     develop cancer as a result of the exposure;

17             64. That reliable medical or scientific opinion confirms that the Plaintiffs' risk of

18     developing cancer, was significantly increased by the exposure and has resulted in an actual risk

19     that is significant; and

20             65. That the Defendants' conduct was a substantial factor in causing Plaintiffs' serious

21     emotional distress.

22

23                                      14

66. DEFENDANTS acted with malice or oppression, or fraudulent or intent in exposing Plaintiffs to carcinogens and toxic substances, and that this conduct caused Plaintiffs to suffer serious emotional distress.

## THIRD CAUSE OF ACTION

### (STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITIES)

**(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT HOLDINGS, LLC. JOHN STEWART COMPANY and DOES 1-100)**

67. PLAINTIFFS and class members hereby incorporate allegations contained in the pre ceding paragraphs, as though fully set forth herein.

68. DEFENDANTS, and each of them, engaged in an ultra-hazardous activity that caused harm, damages, losses, injuries, including fear of contracting cancer, birth defects for their children, born and unborn, and economic and non-economic damages.

69. DEFENDANTS, and each of them, are responsible for that harm, injuries, damages, both economic and noneconomic because DEFENDANTS engaged in remediation of nuclear waste, radioactive materials, an ultra-hazardous activity at Treasure Island.

70. PLAINTIFFS' injuries, damages, losses, fear and harm are the kind of harm that would be anticipated as a result of the risk created by exposure to a radiation release as the nature and kind that was released at Treasure Island.

71. DEFENDANTS' acts, conduct and behavior proximately caused harm and damage to the PLAINTIFFS, including personal injury, property damage, loss of enjoyment of their property and life, the need for periodic examination and treatment, as well as economic losses including loss of earnings, stigma damages, the cost of obtaining potential cure, and other

1   needless expenditures of time and money. PLAINTIFFS will continue to incur losses and

2   damage in the future. Based on PLAINTIFFS' repeated exposure to ionizing radiation,

3   PLAINTIFFS have a reasonable fear that said exposure more likely than not increases their risk

4   of developing cancer in the future.

5       72. DEFENDANTS' acts, conduct and behavior proximately caused harm and damage to

6   the PLAINTIFFS, including personal injury, pain, anxiety, mental and emotional distress,

7   discomfort, fear, incontinence, suffering, property damage, loss of enjoyment of their property

8   and life, the need for periodic examination and treatment, as well as economic losses including

9   loss of earnings, stigma damages, the cost of obtaining potential cure, and other needless

10  expenditures of time and money.

11      73. DEFENDANTS' misconduct was deliberate, and undertaken with oppression, fraud

12  or malice within the meaning of *California Civil Code § 3294*, justifying an award of exemplary

13  damages sufficient to punish DEFENDANTS and to deter them from such misconduct in the

14  future.

15

16  WHEREFORE, PLAINTIFFS pray judgment as hereinafter set forth.

17                          **FOURTH CAUSE OF ACTION**

18                      **(VIOLATION OF PROPOSITION 65)**

19      **(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH**
        **FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT**
20          **HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100)**

21

22      74. PLAINTIFFS and class members hereby incorporate allegations contained in the

    preceding paragraphs, as though fully set forth herein.
23
                                    16

75. Proposition 65 California Health and Safety Code sections 25249.5 - 25249.13 imposes: "Prohibition On Contaminating Drinking Water With Chemicals Known to Cause Cancer or Reproductive Toxicity.

76. That Proposition 65 Section 25249.6 required the Defendants to disclose and warn the Plaintiffs of the exposure to chemicals known to cause cancer or reproductive toxicity.

77. That since 2007, all DEFENDANTS breached this duty when they failed to comply with Proposition 65 by failing to notify Treasure Island Plaintiffs that they were releasing radioactive materials in the air, and by failing to give warning that DEFENDANTS were leaving, covering over, paving under, and covering up radioactive materials on the grounds of Treasure Island.

78. DEFENDANTS' acts, conduct and behavior proximately caused harm and damage to the PLAINTIFFS, including personal injury, pain, anxiety, mental and emotional distress, discomfort, fear, incontinence, suffering, property damage, loss of enjoyment of their property and life, the need for periodic examination and treatment, as well as economic losses including loss of earnings, stigma damages, the cost of obtaining potential cure, and other needless expenditures of time and money.

79. DEFENDANTS' misconduct was deliberate, and undertaken with oppression, fraud or malice within the meaning of *California Civil Code § 3294,* justifying an award of exemplary damages sufficient to punish DEFENDANTS and to deter them from such misconduct in the future.

WHEREFORE, PLAINTIFFS pray judgment as hereinafter set forth.

17

1

2                                **FIFTH CAUSE OF ACTION**

3                                    **(PUBLIC NUISANCE)**

4        **(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH**
         **FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT**
5            **HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100)**

6        80. PLAINTIFFS and class members hereby incorporate allegations contained in the

7   preceding paragraphs, as though fully set forth herein.

8        81. DEFENDANTS, and each of them, engaged in negligent, reckless, intentional, and

9   criminal conduct by deliberately and premeditatedly leaving and placing radioactive soil on

10  Treasure Island, fully aware that dust, debris, and radionuclides would blow with the prevailing

11  winds over the Treasure Island Community and cause life threatening permanent injuries and

12  death.

13       82. Plaintiffs suffered harm because DEFENDANTS created a nuisance.

14  DEFENDANTS, by leaving radioactive materials and other toxins on Treasure Island, created

15  conditions that were harmful and injurious to health and life; were offensive to the senses; were

16  an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of

17  life and property; unlawfully obstructed the free passage or use, in the customary manner; and

18  created other dangerous conditions to Treasure Island by contaminating ground water, soil for

19  vegetation, lawns, and the quality of the air that the Plaintiffs have to breathe.

20       83. Ordinary people would be reasonably annoyed, disturbed and offended by

21  DEFENDANT'S conduct in failing to disclose that they left radioactive soil in the densely

22  populated residential community.

23

                                          18

24

84. DEFENDANTS' conduct was a substantial factor in causing the Plaintiffs' injuries, losses and harms, including, but not limited to, cancer, asthma, respiratory failure, heart attack, stroke and fear of contracting other life-long injuries.

85. DEFENDANTS' misconduct was deliberate, and undertaken with oppression, fraud or malice within the meaning of California Civil Code § 3294, justifying an award of exemplary damages sufficient to punish DEFENDANTS and to deter them from such misconduct in the future.

WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

## SIXTH CAUSE OF ACTION

## (PRIVATE NUISANCE)

**(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100)**

86. PLAINTIFFS and class members hereby incorporate allegations contained in the preceding paragraphs, as though fully set forth herein.

87. DEFENDANTS interfered with the Plaintiffs' use and enjoyment of their land by acting or failing to act as hereinabove described, by leaving radioactive materials and other toxins on Treasure Island.

88. Based on their conduct, the Defendants created conditions that were harmful and injurious to health and life; were offensive to the senses; were an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life and property; unlawfully obstructed the free passage or use, in the customary manner; and created other dangerous

19

1  conditions to the Plaintiffs' property by contaminating ground water, soil for vegetation, lawns,

2  and the quality of the air that they had to breath.

3       89. DEFENDANTS' acts, conduct and behavior proximately caused harm and damage to

4  the PLAINTIFFS, including personal injury, pain, anxiety, mental and emotional distress,

5  discomfort, fear, incontinence, suffering, property damage, loss of enjoyment of their property

6  and life, the need for periodic examination and treatment, as well as economic losses including

7  loss of earnings, stigma damages, the cost of obtaining potential cure, and other needless

8  expenditures of time and money.

9       90. DEFENDANTS' misconduct was deliberate, and undertaken with oppression, fraud

10  or malice within the meaning of California Civil Code § 3294, justifying an award of exemplary

11  damages sufficient to punish DEFENDANTS and to deter them from such misconduct in the

12  future.

13  WHEREFORE, PLAINTIFFS pray judgment as hereinafter set forth.

14  **SEVENTH CAUSE OF ACTION**

15  **(CONSPIRACY)**

16  **(Against SHAW ENVIRONMENTAL, JIM SULLIVAN, DAVID CLARK, KEITH
17  FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, LENNAR INC; FIVE POINT
HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100)**

18       91. That all named Defendants conspired and planned to intentionally falsify statements

19  to the Plaintiffs and the public regarding the true levels of radiation contamination on Treasure

20  Island and to not issue true disclosures and warnings regarding the true levels of toxins and other

21  hazardous waste on Treasure Island.

22

23  20

24

1

2
## EIGHTH CAUSE OF ACTION

3
### INJUNCTIVE RELIEF

4
**(Against TREASURE ISLAND DEVELOPMENT AUTHORITY; TREASURE ISLAND HOMELESS DEVELOPMENT INITIATIVE; STATE DEPARTMENT OF TOXIC SUBSTANCE CONTROL; SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH; LENNAR, INC., FIVE POINT HOLDINGS, LLC and Does 1 to 100)**

5

6

7
92. PLAINTIFFS and class members hereby incorporate allegations contained in the preceding paragraphs, as though fully set forth herein.

8

9
93. DEFENDANTS, and each of them, are aware that their remains dangerous levels of radiation on Treasure Island which endangers the local community and any other people who eventually relocate there.

10

11

12
94. PLAINTIFFS have repeatedly demanded that DEFENDANTS stop any development on Treasure Island until thorough, complete, and verified test results prove that all the toxins and radioactive materials have been removed, but DEFENDANTS have ignored PLAINTIFFS' demands.

13

14

15
95. PLAINTIFFS have suffered and will continue to suffer irreparable injury unless and until this Court enjoins DEFENDANTS from continuing their wrongful conduct. DEFENDANTS' wrongful conduct is ongoing and threatens to be continued in the future.

16

17

18
96. PLAINTIFFS have no adequate remedy at law for the injuries suffered. An award of monetary damages would not provide an adequate remedy because money damages cannot replace safety, health and lives lost from exposure to radiation and other toxins confirmed now at Treasure Island.

19

20

21

22

23
21

24

1    97. An INJUNCTION is the only remedy available to PLAINTIFFS to protect

2   themselves, and the general public.

3   WHEREFORE, Plaintiffs pray judgment as hereinafter set forth.

4   **PRAYER FOR RELIEF**

5   WHEREFORE, PLAINTIFFS pray judgment against DEFENDANTS as follows:

6     1.  For an order requiring DEFENDANTS to show cause, if any they have, why they should

7         not be enjoined as set forth in this complaint, during the pendency of this action;

8     2.  For a preliminary injunction, enjoining DEFENDANTS, and each of them, and their

9         agents, servants, and employees, and all persons acting under, in concert with, or for

10        them to:

11        a. Take "anticipatory action" to prevent harm and through exploration of

12        current toxicity and careful analysis of courses of action in order to present the least

13        threat to residents on Treasure Island and;

14        b. Conduct an immediate Health and Safety assessment for residents, workers and

15        students on Treasure Island.

16    3.  DEFENDANTS, and each of them, must be ordered to STOP ALL DEVELOPMENT,

17        CONSTRUCTION, BUILDING, DIGGING, ERECTING, DISTURBING THE SOIL,

18        DIRT, EARTH, BUILDINGS, STRUCTURES, PIPES, AND ALL ACTIVITY AT

19        TREASURE ISLAND UNTIL INDEPENDENT VERIFIED REPORTS CAN BE

20        OBTAINED SHOWING COMPLETE AND TOTAL REMEDIATION OF ALL TOXIC

21        SUBSTANCES, INCLUDING ALL RADIOACTIVE MATERIALS FROM Treasure

22        Island;

23

24

22

1    4.  Monetary damages in the amount of $2 billion dollars,

2    5.  For costs of suit incurred in this action; and

3    6.  For such other and further relief as the Court deems proper.

4    WHEREFORE, further PLAINTIFFS and members of the Class request that the

5    Court enter an order or judgment against DEFENDANTS, and each of them as named in the

6    future, as follows:

7    1.  For an order certifying the Class, appointing PLAINTIFFS and their counsel to represent

8        the Class, and notice to the Class to be paid by DEFENDANTS;

9    2.  For an injunction ordering DEFENDANTS to cease and desist from seeking to engage in

10       any additional remediation at Treasure Island.

11    3.  For an order requiring DEFENDANTS to immediately pay for medical screenings for

12       early detection of any radiation related medical conditions.

13

14    Date: January 17, 2020

15                                  LAW OFFICE OF STANLEY GOFF

16                                  _____/s/ STANLEY GOFF_

17                                  STANLEY GOFF
                                    Attorney for Plaintiffs

18

19

20

21

22

23

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TREASURE ISLAND DEVELOPMENT AUTHORITY; TREASURE ISLAND HOMELESS DEVELOPMENT INITIATIVE; SHAW ENVIRONMENTAL; JIM SULLIVAN, DAVID CLARK,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Andre Patterson, Falita Sample, Including All Parties Listed Herein, and Doe Plaintiffs 1- 2,000

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Francisco Superior Court, 400 McAllister St.,
San Francisco, Ca 94102

CASE NUMBER: *(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stanley Goff, 15 Boardman Place, San Francisco Ca 94103, 415-571-9570

DATE:                                    Clerk, by                                    , Deputy
*(Fecha)*                              *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*

   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

BY FAX

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**SUM-200(A)**

| SHORT TITLE: <br> Andre Patterson, Falita Sample, et al. v. Treasure Island Development, e | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KEITH FORMAN, TETRA TECH EC, INC.; DAN L. BATRACK, STATE DEPARTMENT OF TOXIC
SUBSTANCE CONTROL; SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH; LENNAR INC;
FIVE POINT HOLDINGS, LLC., JOHN STEWART COMPANY and DOES 1-100

Page _____ of _____

Page 1 of 1

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, S    number, and address):*
Stanley Goff, SBN 289564
15 Boardman Place
San Francisco, Ca 94103

TELEPHONE NO.: 415-571-9570   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, Ca 94102
BRANCH NAME: Civil

CASE NAME:
Andre Patterson, Falita Sample, et al. v. Treasure Island Development, et a

FOR COURT USE ONLY

**F I L E D**
**SUPERIOR COURT**
**COUNTY OF SAN FRANCISCO**

**JAN 2 3 2020**

CLERK OF THE COURT

ANGELICA SUNGA   Deputy Clerk

CGC-20-582410

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☑ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):* 8
5. This case ☑ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/21/2020

Stanley Goff
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

BY FAX

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award (*not unpaid taxes*)
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint Case (*non-tort/non-complex*)
    Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition