UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREASURE ISLAND FORMER AND CURRENT RESIDENTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TREASURE ISLAND DEVELOPMENT AUTHORITY, et al., <br><br> Defendants. | Case No. 20-cv-01328-JD <br><br> **ORDER RE MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 17, 18, 19, 22 |

The Court finds the pending motions to dismiss to be suitable for decision without oral argument, *see* Civil L.R. 7-1(b), and resolves them on the papers. Dkt. Nos. 17, 18, 19, 22.

Defendant One Treasure Island's request to dismiss the complaint on the basis of a pre-filing order against plaintiffs is denied. Dkt. No. 18. The order required plaintiffs Patterson and Sample to obtain leave of court before "filing any new action against persons who are officers, agents, or employees of the Roman Catholic Archbishop of San Francisco, A Corporation Sole or Catholic Charities CYO." *Patterson v. Goncalves*, Case No. 14-cv-1311-CRB, Dkt. No. 26 at 9 (N.D. Cal. Sep. 19, 2014) ("*Patterson* order"). The amended complaint in this case does not name the Roman Catholic Archbishop of San Francisco, A Corporation Sole, Catholic Charities CYO, or any of their officers, agents or employees. Dkt. No. 15. Defendant One Treasure Island does not contend otherwise, and mentions only indirect links to Catholic Charities that are too remote to warrant application of the pre-filing requirement. *See* Dkt. No. 18 at 1 ("Catholic Charities is a member organization of [One Treasure Island]" and "a former Catholic Charities officer . . . is now an officer of OTI").

In addition, the nature of the actions that gave rise to the pre-filing order is very different from the action here. *See Patterson* order at 2-3 ("Patterson and Sample filed separate but

identical complaints against Defendants, alleging that Defendants 'are illegally renting federal subsidized housing on Treasure Island to illegal immigrants illegally in the United States' in violation of the Immigration and Naturalization Act."). The present case contains no allegations about immigrants or immigration, and so is outside the scope of the *Patterson* order. Defendant One Treasure Island's request for a new pre-filing order against plaintiffs is denied for lack of good cause.

The other motions to dismiss, Dkt. Nos. 17, 19, 22, are terminated as moot because a review of the allegations in plaintiffs' amended complaint, Dkt. No. 15, plainly shows they must be amended. Plaintiffs have named thirteen separate defendants, a mix of entities and individuals, and their only "factual" allegation against each of them is the conclusory assertion that each defendant was "aware that the levels of radiation on Treasure Island were significantly higher than the Navy disclosed to the public and that this Defendant also chose not to disclose this information to the Plaintiffs." Dkt. No. 15 ¶¶ 30-38. As defendant One Treasure Island notes, plaintiffs do not explain where the alleged contamination is or how defendants might have had any knowledge that the Navy did not publicly disclose. Dkt. No. 19 at 4. The amended complaint also does not say anything about the point in time at which defendants might have had a duty to disclose this information to plaintiffs, in what context, and why, or how defendants failed. In short, plaintiffs' current allegations are so vague and perfunctory that they give defendants "little idea where to begin" in preparing a response to the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007). Plaintiffs have failed to allege "enough facts to state a claim to relief that is plausible on its face," *id*. at 570, and have instead presented only conclusory allegations which the Court need not accept as true. *In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

Plaintiffs may file an amended complaint by September 9, 2020. Plaintiffs are advised to focus and clarify their allegations and claims, and ensure that they state factual allegations against each named defendant. Otherwise, they are likely to face further, and potentially fatal, plausibility problems. Plaintiffs may not add new claims or defendants without prior approval by the Court.

//

//

If defendants move to dismiss the amended complaint, they are directed to meet and confer to consolidate and streamline their briefing as much as possible.

**IT IS SO ORDERED.**

Dated: August 4, 2020

JAMES DONATO
United States District Judge