UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREASURE ISLAND FORMER AND CURRENT RESIDENTS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>TREASURE ISLAND DEVELOPMENT AUTHORITY, et al.,<br><br>  Defendants. | Case No. 20-cv-01328-JD<br><br>**ORDER AND NOTICE TO PLAINTIFFS RE DISMISSAL** |

    The Court dismissed plaintiffs' prior amended complaint because plaintiffs' allegations were "so vague and perfunctory that they give defendants 'little idea where to begin' in preparing a response." Dkt. No. 49 at 2 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007)). Plaintiffs filed a second amended complaint, Dkt. No. 52, and, with the Court's consent, Dkt. No. 83, a third amended complaint, Dkt. No. 84 (TAC), which is now the operative complaint. Several defendants filed motions to dismiss the TAC. Dkt. Nos. 86, 87, 88. The parties' familiarity with the record is assumed, and the TAC is dismissed.

    The TAC does not plausibly allege a *Bivens* claim against defendants Keith Forman and David Clark for "violation of bodily integrity" under the Fourteenth Amendment. Dkt. No. 84 ¶¶ 96-99. As plaintiffs recognize, this is a novel claim that asks to extend *Bivens* in a new way. Dkt. No. 90 at 4. The request is declined because "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). The United States Supreme Court has "'consistently refused to extend *Bivens* to any new context or new category of defendants' . . . for the past 30 years." *Id.* (quoting *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)). Plaintiffs have not said why these principles should be disregarded in this

case, or otherwise presented a good reason for the Court to create a new category of *Bivens* liability. *See id.* at 1855-58.

So too for the corresponding claim against the City and County of San Francisco under 42 U.S.C. § 1983 and *Monell* for bodily integrity under the Fourteenth Amendment. Dkt. No. 84 ¶¶ 86-91. Plaintiffs' allegations and arguments on this score are purely conclusory and not supported by facts. *See*, *e.g.*, Dkt. No. 93 at 4 ("When the City of San Francisco is executing an organized, multi-department effort to receive Treasure Island from the Navy and for the last 30 years attempting to develop Treasure Island for commercial real-estate development, one can presume that the City of San Francisco was in control of the actions of Amy Brownell and Bob Beck, either directing their actions in the name of furthering the commercial development of Treasure Island -- or at the very least -- ratifying the actions of these subordinates."). Such speculative inferences fall far short of stating a plausible claim. *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *AE v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012).

The claim for "false and misleading statements" against Clark and Forman, Dkt. No. 84 ¶ 102, is dismissed. Plaintiffs acknowledge that "if Defendants David Clark and Keith Forman were acting within the scope of their employment [with the United States Navy], then the FTCA would provide the Plaintiffs' exclusive remedy and the state court would not have subject matter jurisdiction." Dkt. No. 91 at 2; *see also* Dkt. No. 87 at 6-13 (government's jurisdiction arguments). Plaintiffs also acknowledge that if defendants were acting within the scope of their employment, then plaintiffs' claims would be barred under the FTCA due to plaintiffs' admitted failure to exhaust their administrative remedies. *See* Dkt. No. 91 at 4. The problem for plaintiffs is that it was their burden to rebut the Attorney General's certification that Clark and Forman were acting within the scope of their employment, Dkt. No. 1-2 ¶ 2, which plaintiffs failed to do. *See U-Haul Int'l, Inc. v. Estate of Albright*, 626 F.3d 498, 501 (9th Cir. 2010); *see also Pauly v. U.S. Dep't of Agriculture*, 348 F.3d 1143, 1150-51 (9th Cir. 2003). This warrants dismissal.

Another problem is that the allegations vis-à-vis Clark and Forman remain as impermissibly vague and conclusory as the last go-around that resulted in dismissal. *See* Dkt. No. 49. This again does not satisfy Federal Rules of Civil Procedure 8 and 9(b).

The TAC added claims against several new defendants who were not named in the amended complaint: Amy Brownell, Robert Beck, Anthony Chu, Shaw Environmental Inc., and Tetra Tech EC, Inc. Dkt. No. 84 ¶¶ 75-85, 92-95, 103-138. Although 14 months have passed since the TAC was filed, the ECF docket does not indicate that any of the new defendants have been served. This is so despite the fact that the City and County of San Francisco expressly noted in its motion that City employees Amy Brownell and Robert Beck had not been served, and "the City's counsel left a voice mail message and sent an email to Plaintiffs' counsel requesting an opportunity to discuss service on Ms. Brownell or Mr. Beck." Dkt. No. 88 at 2 n.2. Consequently, pursuant to Federal Rule of Civil Procedure 4(m), defendants Brownell, Beck, Chu, Shaw Environmental, and Tetra Tech EC will be dismissed without prejudice and the case will be closed, unless plaintiffs file by September 12, 2022, a statement demonstrating good cause for the failure to serve.

For the claims dismissed in this order, a fifth opportunity for plaintiffs to try and make out a viable claim is not warranted, especially given plaintiffs' failure to serve multiple defendants and the continuing conclusory nature of plaintiffs' allegations. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). The *Bivens* and fraud claims against Clark and Forman, and the *Monell* claim against the City and County of San Francisco, are consequently dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: August 30, 2022

JAMES DONATO
United States District Judge